CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED
01-27-99
MICHAEL N. MILBY, CLERK
BY DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED
JAN 28 1999
Michael N. Milby, Clerk

| | | |
|---|---|---|
| EDWIN A. ALLSEITZ, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-98-2749 |
| | § | |
| DIRK ZIFF, et al., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff Edwin A. Allseitz has filed a second *pro se* complaint in this court against James Chanos, a New York businessman engaged in "short selling" stocks; Dirk Ziff, a client of James Chanos; and Arthur Levitt, chairman of the Securities and Exchange Commission. Allseitz filed a virtually identical complaint in this court in 1997. In both suits, Allseitz alleged that Chanos and Ziff improperly manipulated the price of a certain publicly traded stock, and that the Securities and Exchange Commission failed to stop or sanction the improper activities. This court dismissed the prior suit in November 1997 for want of prosecution and for Allseitz's failure to comply with court orders. Allseitz filed the present suit in August 1998.

Chanos and Ziff have filed motions to dismiss based on a lack of personal jurisdiction over them and on the preclusive effect of this court's involuntary dismissal

98109 10 56 P:\CASES\98\98-2749\98-2749.A04

8

of Allseitz's prior suit. Levitt has filed a motion to dismiss for lack of subject matter jurisdiction, asserting sovereign immunity and the discretionary function exception to the Federal Tort Claims Act. He also moves for dismissal for failure to state a claim. Allseitz has filed no response to any of the dismissal motions.

Both Chanos and Ziff have submitted affidavits detailing the absence of any basis on which personal jurisdiction could be asserted by a Texas court. Due process limits the exercise of personal jurisdiction over nonresident defendants to cases in which the defendants purposefully establish "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The inquiry is a two-pronged analysis: (1) whether the defendant has established the requisite minimum contacts with the forum state; and (2) whether the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. *Polythane Sys., Inc. v. Marina Ventures Int'l, Ltd.*, 993 F.2d 1201, 1205 (5th Cir. 1993). The minimum contacts prong of the inquiry is further subdivided into contacts that give rise to "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction. *See id.*

Allseitz has neither pleaded facts to support personal jurisdiction over either Chanos or Ziff, nor responded to their motions to dismiss. Their motions to dismiss are GRANTED.

Levitt, Chairman of the Securities and Exchange Commission, asserts a lack of subject matter jurisdiction. Levitt points out that Allseitz has not alleged any basis for a waiver of sovereign immunity or for satisfaction of the requirements imposed by the Federal Tort Claims Act, 28 U.S.C. § 2672 *et seq.* Levitt also points out that the Federal Tort Claims Act bars claims arising out of a federal agency's or employee's failure to perform a discretionary function or duty. 28 U.S.C. § 2680(a). The decision of the Securities and Exchange Commission not to investigate or pursue possible violations of the federal securities laws is clearly within the discretionary function exception. *See, e.g., S.E.C. v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 745 (1984). This court GRANTS Levitt's motion to dismiss.

This court finds that Allseitz is abusing the judicial process by his repeated filing of frivolous actions. The manner in which Allseitz has proceeded warrants action to prevent him from further filings of cases that are, at least in part, frivolous, and that are filed but not pursued. This court therefore orders the following:

(1) Until such time as the court may order otherwise, Edwin A. Allseitz, Jr. is hereby ENJOINED from filing any

action, complaint, or motion in the Southern District of Texas without first obtaining leave from the Chief Judge of the United States District Court for the Southern District of Texas. Any new motions, complaints, or actions which Allseitz seeks to file in this court will not be docketed until the Chief Judge of the United States District Court for the Southern District of Texas grants Allseitz written leave to file;

(2) Any new motion, complaint, or action that Allseitz seeks to file in this court shall be accompanied by a Motion for Leave to File Complaint/Motion. The Clerk of this court shall forward such action and motion to the Chief Judge of the United States District Court for the Southern District of Texas for submission of the complaint/motion;

(3) Failure of Allseitz to comply with this order or continuous filing of any vexatious and/or frivolous complaints, motions, or actions raising similar issues addressed in previously dismissed cases may result in the imposition of sanctions and/or a criminal contempt citation. This action will be dismissed by separate order.

SIGNED on January 27, 1999, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge